IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



RACHID NAIM,
6014 Joust Lane
Alexandria, VA 22315

       Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
SERVE: David N. Anthony, Registered Agent
       1001 Haxall Point
       Richmond, VA 23219

and

TRANS UNION, LLC,
SERVE: Corporation Service Company, Registered Agent
       11 S. 12th Street
       Richmond, VA 23218

and

EQUIFAX INFORMATION SERVICES, LLC,
SERVE: Corporation Service Company, Registered Agent
       Bank of America Center, 16th Floor
       1111 East Main Street
       Richmond, VA 23219

and

BANK OF AMERICA, N.A.,
SERVE: CT Corporation System, Registered Agent
       4701 Cox Road, Suite 301
       Glen Allen, VA 23060

       Defendants.

## COMPLAINT

The Plaintiff, Rachid Naim (hereafter "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FRCA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as all of the Defendants maintain registered offices within the boundaries of the Eastern District of Virginia, Plaintiff resides in this District and Division and significant part of the Plaintiff's claims occurred in Virginia.

## PARTIES

4. The Plaintiff, RACHID NAIM, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Experian* is a "consumer reporting agency," as defined by 15 U.S.C. § 1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681(d).

7. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Trans Union* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

10. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, **EQUIFAX INFORMATION SYSTEMS, LLC.** ("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

12. Upon information and belief, *Equifax* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

13. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, **BANK OF AMERICA, N.A.,** *d/b/a BAC HOME LOAN SERVICING, LP ("Bank of America")* is a foreign limited liability company doing business as a mortgage originator and servicer. At all relevant times hereto, *Bank of America* was a furnisher as governed by the FRCA.

## FACTS

15. On or around December 9, 2008, Plaintiff entered into a permanent loan modification with *Bank of America* as part of the Hope for Home Owners Program ("HOPE").

16. HOPE was authorized under the Housing and Economic Recovery Act of 2008 to help qualified homeowners avoid foreclosure through federal loan guarantees and credit enhancements.

17. After signing the modification, Plaintiff began making his new mortgage payment in the amount of $1528.58.

18. Plaintiff never missed a mortgage payment.

19. Nevertheless, Plaintiff started receiving correspondence from *Bank of America* on or around October 2009, stating that he was delinquent on his mortgage obligations.

20. On or about January 19, 2010, Plaintiff and undersigned counsel spoke to HOPE team member, Dina Boulivis, who indicated that Plaintiff was compliant with his loan modification agreement.

21. On or about February 1, 2010, Plaintiff obtained copies of his credit reports from *Experian, Trans Union,* and *Equifax* and learned that each were reporting the mortgage delinquency that did not exist. Despite Plaintiff's compliance with HOPE

modification, *Bank of America* inaccurately reported that he was $23,650 delinquent in his mortgage payments.

22. On February 22, 2010, Plaintiff separately forwarded written dispute letters to *Equifax*, *Trans Union*, and *Experian* regarding the inaccurate mortgage information reported on his credit files. Enclosed with this letter was a copy of the HOPE modification agreement with *Bank of America* as proof that the information on his credit accounts was inaccurate.

23. On or about March 1, 2010, *Experian* responded to Plaintiff's dispute letter with the result of its investigation. Despite the documents submitted by the Plaintiff to the contrary, Experian's reinvestigation letter stated that it "verified" that Plaintiff had past due mortgage payments in the amount of $23,650.

24. On or about March 7, 2010, *Equifax* responded to Plaintiff's dispute letter with the result of its reinvestigation. Despite the documents submitted by the Plaintiff to the contrary, *Equifax's* reinvestigation concluded that Plaintiff's mortgage payments were delinquent in the amount of $23,650.

25. On or about March 8, 2010, *Trans Union* responded to Plaintiff's dispute letter with the result of its investigation. Despite the documents submitted by the Plaintiff to the contrary, this letter stated that *Trans Union's* investigation "verified" that Plaintiff had past due mortgage payments in the amount of $23,650.

26. Plaintiff was subsequently offered a loan modification in June 2010 under the Home Affordable Modification Program ("HAMP"), which was designed by the United States Department of Treasury to reduce delinquent and at-risk borrowers' monthly mortgage payments.

27. On September 7, 2010, Plaintiff received a letter from *Bank of America* verifying that he was approved for the "trial period plan" under HAMP. The trial period plan required Plaintiff to pay $1,577.75 from October 2010 through December 2010.

28. A trial period plan allows eligible homeowners to receive a permanent modification if the homeowner submits the objective documentation requirements and makes all three trial payments.

29. Plaintiff complied with all the terms of the trial period plan and received a permanent modification agreement on December 10, 2010. The permanent modification of his mortgage was effective on January 1, 2011.

30. On or about February 1, 2011, Plaintiff obtained copies of his credit reports from *Experian*, *Trans Union*, and *Equifax* and learned that each agency was once again reporting a mortgage delinquency that did not exist.

31. Despite Plaintiff's permanent modification, *Bank of America* still inaccurately reported that he was $32,388 delinquent in his mortgage payments.

32. On February 9, 2011, Plaintiff separately forwarded written dispute letters to *Equifax*, *Trans Union*, and *Experian* regarding the inaccurate mortgage information reported on his credit files. Enclosed in this letter was a copy of the permanent modification agreement with *Bank of America* as proof that the information on his credit accounts was inaccurate.

33. On or about February 25, 2011, *Equifax* responded to Plaintiff's dispute letter with the result of its reinvestigation. Despite the documents submitted by the Plaintiff to the contrary, *Equifax's* reinvestigation concluded that Plaintiff's mortgage payments were delinquent in the amount of $32,388.

34. On or about February 28, 2011, *Trans Union* responded to Plaintiff's dispute letter with the result of its investigation. Despite the documents submitted by the Plaintiff to the contrary, this letter stated that *Trans Union's* investigation "verified" that Plaintiff had past due mortgage payments in the amount of $32,386.

35. On or about March 1, 2011, *Experian* responded to Plaintiff's dispute letter by stating that it had already investigated the requested information and that *Bank of America* verified its accuracy. However, the new information sent in the February 28, 2011 letter was different from the documentation which *Experian* previously reviewed in March 2010.

36. Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit reporting of the inaccurate account.

37. Upon information and belief, *Experian*, *Trans Union*, and *Equifax* each prepared and published to third parties multiple inaccurate consumer reports about the Plaintiff which contained inaccurate derogatory information regarding his accounts.

38. Upon information and belief, *Experian*, *Trans Union*, and *Equifax* each forwarded Plaintiff's disputes to *Bank of America* on one or more occasions. Upon information and belief, *Bank of America* was provided notice of Plaintiff's disputes and despite such notice, it failed and refused to investigate and correct its inaccurate reporting.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681e(b)
### (EXPERIAN, TRANS UNION and EQUIFAX)

39. Plaintiff realleges and incorporates paragraph 1 through 38 above as if fully set out herein.

40. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

41. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681e(b), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

42. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(1)
### (EXPERIAN, TRANS UNION and EQUIFAX)

44. Plaintiff realleges and incorporates paragraph 1 through 43 above as if fully set out herein.

45. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

46. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(1), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

47. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(2)
### (EXPERIAN, TRANS UNION and EQUIFAX)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide *Bank of America* with all the relevant information regarding the Plaintiff's dispute.

51. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss

of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

52. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(4)
### (EXPERIAN, TRANS UNION and EQUIFAX)

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the Plaintiff.

56. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(4), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

57. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount

to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### (EXPERIAN, TRANS UNION and EQUIFAX)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

61. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

62. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

63. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (BANK OF AMERICA)

64. Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65. On one or more occasions within the past two years, by example only and without limitation, *Bank of America* violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

66. As a result of *Bank of America* violations of 15 U.S.C. §1681s-2(b)(1)(A), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

67. The violations by *Bank of America* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Bank of America* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from *Bank of America* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (BANK OF AMERICA)

69. Plaintiff realleges and incorporates paragraphs 1 through 68 above as if fully set out herein.

70. On one or more occasions within the past two years, by example only and without limitation, *Bank of America* violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

71. As a result of *Bank of America's* violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

72. The violations by *Bank of America* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Bank of America* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from *Bank of America* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORT ACT
15 U.S.C. § 1681s-2(b)(1)(C) and (D)
(BANK OF AMERICA)**

74. Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

75. On one or more occasions within the past two years, by example only and without limitation, *Bank of America* violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the *Bank of America* representations within Plaintiff's credit files with *Experian, Trans Union*, and *Equifax* without also including a notation that this debt was

disputed pursuant to a settlement agreement and by failing to correctly report results of an accurate investigation to each credit reporting agency.

76. As a result of *Bank of America's* violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

77. The violations by *Bank of America* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Bank of America* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from *Bank of America* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

TRIAL BY JURY IS DEMANDED

RACHID NAIM

By _____
Counsel

Leonard A. Bennett, VSB#37523
Susan M. Rotkis, Esq., VSB#40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Scott A. Surovell, Esq., VSB #40278
Kristi Cahoon Kelly, VSB#72791
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: ssurovell@siplfirm.com
Email: kkelly@siplfirm.com